UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION


PEGGY LEMONS                                             CIVIL ACTION NO.

VS.                                                              JUDGE

SOUTHSIDE TAX SERVICE, INC.
d/b/a JOANN'S FASTER TAX SERVICE., INC.
and JOANN'S FAST TAX SERVICE, INC.            MAGISTRAGE JUDGE


**COMPLAINT**

I.

CIVIL ACTION

This is a civil action for damages arising from acts of employment discrimination on the

basis of disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C.

§12102, *et seq.*  and in violation of Louisiana Employment Discrimination Law, La. R.S. 23:323.

II.

PARTIES

1.       Plaintiff is PEGGY LEMONS ("Plaintiff"), a person of the age of majority domi-

ciled in Natchitoches Parish, Louisiana.

2.       Defendant is SOUTHSIDE TAX SERVICE, INC., a Louisiana corporation domi-

ciled in, and with its principal business location in Mansfield, Louisiana.   Defendant Southside

Tax Service, Inc., does business under the names JOANN'S FASTER TAX SERVICE, INC.  and

JOANN'S FAST TAX SERVICE, INC. " There are no corporations in Louisiana registered with

the Louisiana Secretary of State as "Joann's Faster Tax Service, Inc." or "Joann's Faster Tax Service, Inc."   Defendant was Plaintiff's employer.

III.

JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as this action presents a claim arising under the laws of the United States.    This Court has supplemental jurisdiction under 28 U.S.C. §1367 to hear and decide claims asserted under Louisiana law and arising from the same facts and circumstances as the claim asserted under federal law.

IV.

VENUE

4.      Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b)(1).

V.

FACTUAL BACKGROUND

PLAINTIFF'S DISABILITY

5.      Defendant Southside Tax Service, Inc. is a Louisiana corporation conducting tax advising and tax preparation services in Louisiana and Texas under the fictitious corporate names Joann's Faster Tax Service, Inc. and Joann's Fast Tax Service, Inc.

6.      Defendant employs more than 20 employees within the state of Louisiana and additional employees in the state of Texas.

7.      Plaintiff is an otherwise qualified individual with a disability as that term is defined by the ADA, as amended, and an otherwise qualified disabled person as that term is defined by La. R.S. 23:322(8).

8.      Plaintiff has a  physical malformation of her feet.  She had surgery on her feet in November 2019.

9.      Following surgery, Plaintiff used mobility devices such as a knee scooter and a wheelchair to avoid placing pressure on her feet.

10.      Plaintiff had  worked for Defendant for several years as a tax preparer.  On December 18, 2019,  Plaintiff returned to work following foot surgery.

11.      Plaintiff's job as a tax preparer is sedentary.   The ability to walk without assistance is not an essential function of the job.   Even if it were, Plaintiff was, at all times herein, satisfactorily  performing the essential functions of her job.

12.      On January 17, 2020, after Plaintiff had left work for the day, she was notified by Defendant's Branch Manager, via text message, that her employment was terminated.

13.      In a series of text messages the Branch Manager explained that the owner of the business, Joann Adkins, had been informed by her daughter, Princess Ross, that Plaintiff was working in a wheelchair.

14.      In a text message exchange the Branch Manager reported her personal opposition to the termination of Plaintiff's employment.  However, the owner,  Joann Adkins,  and her daughter, Princess Ross, insisted upon the termination of Plaintiff's employment, stating:

“She's in a wheelchair.”  “How can she work?”

15.     Defendant regarded Plaintiff has having a significant impairment of the major life activity of walking and discriminated against her on the basis of that perception by terminating her employment.

16.      As a result of the discriminatory termination of employment Plaintiff has suffered wage and benefit loss.

17.     Plaintiff Pursuant to the provisions of La. R.S. 23: 303 ( C) Plaintiff, through counsel, sent notice to the Defendant employer of intent to file a complaint of disability discrimination.

18.      The Defendant employer has not made a good faith effort to resolve the dispute, and more than 30 days have passed since the service of Plaintiff's notice.

19.     Plaintiff has filed a complaint of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received  a Notice of the Right to Sue.

COUNT I
DISCRIMINATION ON THE BASIS OF DISABILITY
IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

20.     Plaintiff incorporates herein by reference, as if set forth in full, the statements of fact in paragraphs 1 through 19.

21.     Plaintiff is an individual with a disability, as that term is defined by the ADA, as amended, 42 U.S.C.S. § 12102(1) ( c)  because she was regarded by the employer as disabled.

22.     She meets the requirement of "being regarded as having  . . . an impairment" because she was subjected to an action prohibited by the ADA because of an actual or perceived physical impairment.

23.     The Defendant employer expelled Plaintiff from the workplace and terminated her employment  on the basis of Plaintiff's actual or perceived impairment.

24.     Pursuant to the provisions of the Americans with Disabilities Act, as amended, Plaintiff seeks and is entitled to recover back pay, front pay, compensatory damages, costs and attorney's fees.

25.     The Defendant acted with intentional and / or reckless disregard of Plaintiff's rights and discriminated intentionally on the basis of the perception of disability in violation of the ADA. Plaintiff seeks and is entitled to recover punitive damages.

## COUNT II.

### Louisiana Employment Discrimination Laws
### La. R.S. 23:301, *et seq*.

### DISCRIMINATION ON THE BASIS OF DISABILITY

25.     Plaintiff incorporates herein by reference, as if set forth in full, the  statements of fact in paragraphs 1  through 23  above.

26.     The facts establishing Defendant employer's discrimination against Plaintiff in violation of the Americans with Disabilities Act, as amended, also establish a claim for violation of Louisiana's employment law prohibiting discrimination against an employee on the basis of disability.

27.     Plaintiff provided written notice of her claim to the Defendant more than 30 days prior to filing suit as required by La. R.S. 23: 303 ( C).

28.     Pursuant to the provisions of La. R.S. 23: 303 (a), Plaintiff seeks and is entitled to recover compensatory damages, lost wages and benefits, reimbursement of costs and attorney's fees.   Additionally, Plaintiff is entitled to pre-judgment interest on the state law claim.

29.     Plaintiff requests a jury trial.

VII.

PRAYER FOR RELIEF

WHEREFORE,  Plaintiff  prays that this complaint be deemed good and sufficient and that upon the conclusion of all due proceeding and legal delays there be judgment entered in her favor and against defendant on all causes of action and awarding Plaintiff all relief to which she is entitled under each cause of action, including back pay and benefits, front pay, compensatory damages, punitive damages where available, costs and attorneys' fees, mages and prejudgment interest on all state law claims.

Respectfully submitted,


        s/ Pamela R. Jones_____

Pamela R. Jones, La. Bar No. 19640
DOWNER, JONES, MARINO & WILHITE, L.L.C.
401 Market Street, Suite 1250
Shreveport, Louisiana 71101
Telephone:     (318) 213-4444
Facsimile:     (318) 213-4445
Email:         pjones@dhw-law.com